IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

FILED
2011 JUN 28 P 1:43
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **CIENA CORPORATION** | |
| Plaintiff, | Case No.: 3:11cv413-JAG |
| v. | JURY TRIAL DEMANDED |
| **KONINKLIJKE KPN, N.V. and iBASIS, INC.** | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Ciena Corporation ("Ciena"), hereby complains and alleges against Defendants Koninklijke KPN, N.V. ("KPN") and iBASIS, Inc. ("iBasis") (collectively, the "Defendants") as follows:

### NATURE OF LAWSUIT

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from Defendants unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patents held by Ciena.

### PARTIES AND PATENTS

2. Plaintiff Ciena is a leading provider of communications networking equipment, software and services that support the transport, switching, aggregation and management of voice, video and data traffic. Ciena's products are used, individually or as part of an integrated solution, in networks operated by communications service providers, cable operators,

governments and enterprises around the globe. Ciena's communications networking products, through their embedded software and network management software suites, enable network operators to efficiently and cost-effectively deliver critical enterprise and consumer-oriented communication services.

3. Ciena is a Delaware corporation doing business in Virginia, this judicial district and elsewhere.

4. Ciena is the owner of numerous patents issued by the United States Patent and Trademark Office covering communications networking technology.

5. Ciena owns all right, title and interest in, and has standing to sue for infringement of the following: United States Patent No. 6,459,832, issued on October 1, 2002, for a "Method and Apparatus For Optical Signal Transmission Using Multiple Sub-Signals of Non-Uniform Bandwidth" (the "'832 patent"), a true and correct copy of which is attached hereto as Exhibit 1; and United States Patent No. 7,127,056 for "Dynamic Adaption to Congestion in Connection-Oriented Networks" (the "'056 patent"), a true and correct copy of which is attached hereto as Exhibit 2. The '832 patent and '056 patent are collectively referred to as "the Patents-in-Suit."

6. Defendant KPN is telecommunications service provider offering, among other things, wireless telephony, internet and television to consumers, and end-to-end telecommunications and services to business customers. KPN is a public company incorporated under the laws of The Netherlands.

7. KPN International is a business unit within KPN. KPN International links its own land and sea-cables with key partner networks and spans the United States with six points-of-presence (one of which is located in Ashburn, Virginia) and 12,000 kilometers of its own local MPLS network.

8. KPN is doing business and committing acts of infringement in Virginia, this judicial district and elsewhere.

9. Defendant iBasis is a subsidiary of KPN. iBasis is a wholesale carrier of international long distance telephone calls and a provider of retail prepaid calling services and enhanced services for mobile operators.

10. iBasis is a Delaware corporation doing business and committing acts of infringement in Virginia, this judicial district, and elsewhere.

## JURISDICTION AND VENUE

11. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division. In addition, the Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Patents-in-Suit in this judicial district and division.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

## COUNT ONE – INFRINGEMENT OF THE '832 PATENT

14. Ciena incorporates by reference its allegations in Paragraphs 1-13 as if fully restated in this paragraph.

15. Plaintiff Ciena is the assignee of and the owner of all right, title and interest to the '832 patent. Ciena has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

16. KPN has been infringing and continues to infringe one or more of the claims of the '832 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products, methods, process, systems, and/or services. KPN's infringement includes, without limitation, the TAT-14 Cable Network including U.S. landing sites and the KPN network spanning the United States that employ a transport signal including a plurality of sub-signals. KPN has indirectly infringed the '832 patent by inducing the infringement of the '832 patent and contributing to the infringement of the '832 patent. KPN has actively and knowingly induced infringement of the '832 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used KPN's products and services in an infringing manner. KPN has also knowingly contributed to infringement by others such as customers, within the meaning of 35 U.S.C. § 271(c).

17. KPN's wrongful conduct has caused Ciena to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. On information and belief, KPN will continue these infringing acts unless enjoined by this Court.

DM_US 29210014-1.050293.0015

## COUNT II – INFRINGEMENT OF THE '056 PATENT

18. Ciena incorporates by reference its allegations in Paragraphs 1-17 as if fully restated in this paragraph.

19. Ciena is the assignee of and the owner of all right, title and interest to the '056 patent. Ciena has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

20. iBasis has been infringing and continues to infringe one or more of the claims of the '056 patent through at least the acts of making, using, selling, offering for sale and/or importing infringing products, methods, process, systems, and/or services. iBasis' infringement includes, without limitation, its network with Internet central offices ("ICO's") practicing call admission control and products and services practicing voice call admission based on prevailing network conditions. iBasis has indirectly infringed the '056 patent by inducing the infringement of the '056 patent and contributing to the infringement of the '056 patent. iBasis has actively and knowingly induced infringement of the '056 patent by providing its customers and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its products and services that promote and demonstrate how to use its products and services in an infringing manner, and upon information and belief, those customers and others have used the products and services in an infringing manner. iBasis has also knowingly contributed to infringement by others such as customers, within the meaning of 35 U.S.C. § 271(c).

21. iBasis' wrongful conduct has caused Ciena to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to

sell and importing the patented inventions. On information and belief, iBasis will continue these infringing acts unless enjoined by this Court.

## WILLFULNESS

22. Ciena alleges upon information and belief that, as of the date of the filing of this Complaint, Defendants have knowingly or with reckless disregard willfully infringed the respective patent asserted against each Defendant. For example, at least as of February 10, 2011, KPN was aware of the '832 and '056 patents. On information and belief, iBasis, was aware of the '056 patent. Each Defendant acted despite an objectively high likelihood that its actions constituted infringement of Ciena's valid patent rights.

23. This objectively-defined risk was either known or so obvious that it should have been known to each Defendant. Ciena further alleges that KPN will continue to willfully infringe the '832 patent and that iBasis will continue to willfully infringe the '056 patent subsequent to the filing of this Complaint unless enjoined by this Court. Ciena seeks enhanced damages pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Ciena demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII. PRAYER FOR RELIEF

WHEREFORE, Ciena prays for judgment against each of the Defendants, granting Ciena the following relief:

A. That this Court adjudge and decree that the KPN has infringed, contributorily infringed and induced infringement of the '832 patent;

B. That this Court adjudge and decree that the iBasis has infringed, contributorily infringed and induced infringement of the '056 patent;

C. That this Court enter judgment that Defendants knowingly and willfully engaged in such infringement;

D. That this Court permanently enjoin Defendants, their parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Patents-in-Suit;

E. That this Court order an accounting to determine the damages to be awarded to Ciena as a result of Defendants' infringement;

F. That this Court order an award to Ciena of such damages as it shall prove at trial against Defendants that are adequate to compensate Ciena for Defendants' infringement, said damages to be no less than a reasonable royalty together with interest and costs;

G. That this Court order an accounting for infringing sales not presented at trial and award additional damages for any such infringing sales;

H. That this Court order an award to Ciena of enhanced damages of up to three times the amount of compensatory damages because of Defendants' willful infringement;

I. That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

J. That this Court render a finding that this case is "exceptional" and award to Ciena its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

K. That this Court grant such other and further relief as the Court may deem proper and just.

Dated:  June 28, 2010

Respectfully submitted,

CIENA CORPORATION

By: /s/ Blair Jacobs
    Blair M. Jacobs (VA Bar No. 32010)
    bjacobs@mwe.com
    Christina A. Ondrick (VA Bar No. 45736)
    condrick@mwe.coom
    McDERMOTT WILL & EMERY LLP
    600 Thirteenth Street, NW
    Washington, DC 20005

    Tel. (202) 756-8000
    Fax (202) 756-8087

*Attorneys for Plaintiff Ciena Corporation*